```
                                       United States Bankruptcy Court
                                       Middle District of Pennsylvania
In re:                                                                         Case No. 20-00337-HWV
Shane Kauffman                                                                 Chapter 13
Jennifer Kauffman
         Debtors                       CERTIFICATE OF NOTICE
District/off: 0314-1          User: AutoDocke              Page 1 of 2                Date Rcvd: Mar 09, 2020
                              Form ID: pdf002              Total Noticed: 20
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 11, 2020.
```
db/jdb         +Shane Kauffman,    Jennifer Kauffman,    11396 N Garfield St,    Waynesboro, PA 17268-9659
5296431        +KML Law Group, P.C.,    701 Market Street,    Suite 5000,    Philadelphia, PA 19106-1541
5296435        +PNC Mortgage,    Attn: Bankruptcy,    3232 Newmark Drive,    Miamisburg, OH 45342-5433
5296436        +Rui Credit Services In,    1305 Walt Whitman Rd Ste,    Melville, NY 11747-4849
5296438        +Well Span,    501 E Main St,    Waynesboro, PA 17268-2353
5296439        +West Penn Power,    401 Could Curtain Rd,    Monongahela, PA 15063-3515
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 09 2020 19:41:15
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5296425        +E-mail/Text: backoffice@affirm.com Mar 09 2020 19:36:05      Affirm Inc,    Affirm Incorporated,
                 Po Box 720,    San Francisco, CA 94104-0720
5296426        +E-mail/Text: ally@ebn.phinsolutions.com Mar 09 2020 19:33:46      Ally Financial,
                 Attn: Bankruptcy,    PO Box 380901,    Bloomington, MN 55438-0901
5303352         E-mail/PDF: resurgentbknotifications@resurgent.com Mar 09 2020 19:40:38      CACH, LLC,
                 Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5296427        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 09 2020 19:40:35      Capital One,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
5296428        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 09 2020 19:40:51      Capital One Na,
                 Attn: Bankruptcy,    Po Box 30285,    Salt Lake City, UT 84130-0285
5296429        +E-mail/Text: bdsupport@creditmanagementcompany.com Mar 09 2020 19:35:49
                 Credit Management Company,    Attn: Bankruptcy,    2121 Noblestown Road,
                 Pittsburgh, PA 15205-3956
5296430        +E-mail/PDF: creditonebknotifications@resurgent.com Mar 09 2020 19:41:14      Credit One Bank,
                 Attn: Bankruptcy Department,    Po Box 98873,    Las Vegas, NV 89193-8873
5296432        +E-mail/PDF: MerrickBKNotifications@Resurgent.com Mar 09 2020 19:41:06
                 Merrick Bank/CardWorks,    Attn: Bankruptcy,    Po Box 9201,    Old Bethpage, NY 11804-9001
5296433        +E-mail/PDF: cbp@onemainfinancial.com Mar 09 2020 19:40:30      OneMain Financial,
                 Attn: Bankruptcy,    Po Box 3251,    Evansville, IN 47731-3251
5296434        +E-mail/Text: blegal@phfa.org Mar 09 2020 19:35:36      PA Housing Finance Age,
                 2101 N. Front Street,    Harrisburg, PA 17110-1086
5297110        +E-mail/PDF: gecsedi@recoverycorp.com Mar 09 2020 19:40:50      Synchrony Bank,
                 c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5296437        +E-mail/PDF: gecsedi@recoverycorp.com Mar 09 2020 19:41:08      Synchrony Bank/Care Credit,
                 Attn: Bankruptcy Dept,    Po Box 965060,    Orlando, FL 32896-5060
5308709        +E-mail/Text: bankruptcy@firstenergycorp.com Mar 09 2020 19:35:37      West Penn Power,
                 5001 NASA Blvd,    Fairmont, WI 26554-8248
                                                                                              TOTAL: 14

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 11, 2020                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 9, 2020 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    PNC BANK, NATIONAL ASSOCIATION bkgroup@kmllawgroup.com
              Mark A. Buterbaugh    on behalf of Debtor 1 Shane  Kauffman Mooneybkecf@gmail.com,
               buterbaughmr61895@notify.bestcase.com
              Mark A. Buterbaugh    on behalf of Debtor 2 Jennifer  Kauffman Mooneybkecf@gmail.com,
               buterbaughmr61895@notify.bestcase.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)

TOTAL: 5

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
**Shane Kauffman**
**Jennifer Kauffman**

CHAPTER 13
CASE NO. 1:20-bk-00337-HWV

■ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

### CHAPTER 13 PLAN

**NOTICES**

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| | | | | |
|---|---|---|---|---|
| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ■ Not Included |
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ■ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ Included | ■ Not Included |

**YOUR RIGHTS WILL BE AFFECTED**

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

    **A. Plan Payments From Future Income**

        1. To date, the Debtor paid $___ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $**94,560.00**, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| **02/20** | **01/25** | 403.18 | 1,172.82 | 1,576.00 | 94,560.00 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | Total Payments: | $94,560.00 |

        2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ■ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $**0.00**. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

■ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

■ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|---|
| PNC Mortgage | Attn: Bankruptcy; 3232 Newmark Drive; Miamisburg, OH 45342 | 2158 | $1,172.82 |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

■ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

Rev. 12/01/19

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Ally Financial | 2012 Chevrolet Equinox 90,000 miles Vehicle: | 1428 |
| PA Housing Finance Age | 11396 N Garfield Street Waynesboro, PA 17268 Residence: | 7464 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

■ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| PA Housing Finance Age | 11396 N Garfield Street Waynesboro, PA 17268 Residence: | $200.00 | $0.00 | $200.00 |
| PNC Mortgage | 11396 N Garfield Street Waynesboro, PA 17268 Residence: | $8,500.00 | $0.00 | $8,500.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

■ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| PNC Mortgage | 11396 N Garfield Street Waynesboro, PA 17268 Residence: | $150,826.00 | 4.5% | $70,369.20 |

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*
■ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

F. **Surrender of Collateral.** *Check one.*

3

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

■ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G. <u>Lien Avoidance.</u> *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

■ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. PRIORITY CLAIMS.

   A. <u>Administrative Claims</u>

   1. <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney's fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $ **162.00** already paid by the Debtor, the amount of $ **3,838.00** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
      *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. <u>Priority Claims (including, certain Domestic Support Obligations)</u>

■ None. *If "None" is checked, the rest of § 3.B need not be completed or reproduced.*

   C. <u>Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)</u>. *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. UNSECURED CLAIMS

   A. <u>Claims of Unsecured Nonpriority Creditors Specially Classified.</u>
      *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. <u>Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.</u>

5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

■ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. VESTING OF PROPERTY OF THE ESTATE.

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

- ■ plan confirmation.
- ☐ entry of discharge.
- ☐ closing of case.

7. **DISCHARGE: (Check one)**

   ■ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated:  **January 31, 2020**

/s/ **Mark A. Buterbaugh**
**Mark A. Buterbaugh**
Attorney for Debtor

/s/ **Shane Kauffman**
**Shane Kauffman**
Debtor

/s/ **Jennifer Kauffman**
**Jennifer Kauffman**
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.